FILED

2014 FEB 28 PM 2:13

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2014 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>SELIN GHEYVANDIAN,<br>　aka "Salin Gheyvandian,"<br><br>　　　　Defendant. | CR No. 14-CR 14 00123<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1344: Bank Fraud;<br>18 U.S.C. § 1957: Money<br>Laundering; 18 U.S.C. § 2(b):<br>Causing an Act to Be Done] |

The Grand Jury charges:

### COUNTS ONE THROUGH THREE

[18 U.S.C. §§ 1344; 2(b)]

A. INTRODUCTORY ALLEGATIONS

　　1.　At all times relevant to this Indictment:

　　　　a.　Citibank, N.A. ("Citibank"), was a bank, the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC").

　　　　b.　Wescom Credit Union ("Wescom") was a credit union, the deposits of which were insured by the National Credit Union Administration ("NCUA").

       c.    California Credit Union ("CCU") was a credit union, the deposits of which were insured by the NCUA.

B.    SCHEME TO DEFRAUD

2.    Beginning on a date unknown to the Grand Jury, and continuing through on or about February 10, 2013, in Los Angeles County, within the Central District of California, and elsewhere, defendant SELIN GHEYVANDIAN, also known as "Salin Gheyvandian" ("defendant"), together with others known and unknown to the Grand Jury, knowingly and with intent to defraud, executed a scheme to defraud two federally-insured financial institutions, namely, Citibank and Wescom, as to material matters, and to obtain monies, funds, and other property owned by and in the custody and control of Citibank and Wescom by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

3.    The scheme operated in the following manner:

       a.    Defendant would open a checking account at CCU.

       b.    Defendant would open lines of credit ("the credit accounts") with Citibank (credit card) and Wescom (Visa check card) (hereinafter "the Banks").

       c.    Defendant would make one or more payments or deposits to the credit accounts using checks drawn on her CCU account. At the time that defendant made the payments or deposits using her CCU checks, she knew that the checks would never be paid by CCU because her CCU account had insufficient funds to cover the checks.

       d.    After the Banks received defendant's CCU checks, each would credit her account for those payments or deposits, and acting

in reliance on those payments or deposits, would extend additional credit on the account.

   e. After the Banks credited defendant's accounts for these payment or deposit amounts, but before the checks were returned to the Banks unpaid, defendant would make additional charges against the accounts.

   f. Defendant would not repay, and would not intend to repay, the balance she owed the Banks on her credit accounts.

C. EXECUTIONS OF THE FRAUDULENT SCHEME

  4. On or about the following dates, in Los Angeles, County, within the Central District of California, and elsewhere, defendant, together with others known and unknown to the Grand Jury, committed and willfully caused others to commit, the following acts, each of which constituted an execution of the fraudulent scheme:

| COUNT | DATE | ACT |
|---|---|---|
| ONE | 11/6/12 | Using CCU check number 103, in the amount of $98,300, drawn on account number ending 1316, to make a payment to Citibank for the credit card ending 5299. |
| TWO | 11/6/12 | Using CCU check number 104, in the amount of $97,875, drawn on account number ending 1316, to make a payment to Citibank for the credit card ending 5299. |
| THREE | 2/5/13 | Using CCU check number 101, in the amount of $15,079.22 drawn on account number ending 1316, to make a deposit to Wescom to the account tied to the Visa Check Card ending 3702. |

COUNTS FOUR AND FIVE

[18 U.S.C. § 1957]

5.  The Grand Jury repeats, realleges, and incorporates by reference all of the allegations set forth in paragraphs 1, 3, and 4 of this indictment as if set forth herein.

6.  On or about November 6, 2012, in Los Angeles County, within the Central District of California, and elsewhere, defendant SELIN GHEYVANDIAN, also known as "Salin Gheyvandian" ("defendant"), knowing that the funds involved represented the proceeds of some form of unlawful activity, conducted monetary transactions in criminally derived property of a value greater than $10,000, which property, in fact, was derived from specified unlawful activity, namely, bank

fraud, in violation of Title 18, United States Code, Section 1344, as follows:

| COUNT | MONETARY TRANSACTION |
|---|---|
| FOUR | A purchase in the amount of $98,000 at a Cartier Store in Beverly Hills, California. |
| FIVE | A purchase in the amount of $97,800 at a Cartier Store in Beverly Hills, California. |

A TRUE BILL

/S/
Foreperson

ANDRÉ BIROTTE JR.
United States Attorney

*Scott M. Garringer*
Deputy Chief, Criminal Division
FOR:
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

WESLEY L. HSU
Assistant United States Attorney
Chief, Cyber and Intellectual Property Crimes
   Section

TRACY L. WILKISON
Assistant United States Attorney
Deputy Chief, Cyber and Intellectual Property
   Crimes Section

STEPHANIE CHRISTENSEN
Assistant United States Attorney
Cyber and Intellectual Property Crimes Section

5