STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
DIANA M. KWOK (Cal. Bar No. 246366)
Assistant United States Attorney
Environmental Crimes Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6529
    Facsimile: (213) 534-4300
    E-mail:    diana.kwok@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 14-123-R |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT SELIN GHEYVANDIAN |
| v. | |
| SELIN GHEYVANDIAN, | Hearing Date: October 20, 2014<br>Hearing Time: 1:30 p.m.<br>Location:    Courtroom of the<br>Hon. Manuel Real |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Diana M. Kwok, hereby files its sentencing position with respect to defendant Selin Gheyvandian ("defendant").

    This sentencing position is based upon the attached memorandum of points and authorities, the Presentence Investigation Report filed by the U.S. Probation Office on September 15, 2014, the files and

///

records in this case, and such further evidence and argument as the Court may permit.

Dated: October 7, 2014                    Respectfully submitted,

                                          STEPHANIE YONEKURA
                                          Acting United States Attorney

                                          ROBERT E. DUGDALE
                                          Assistant United States Attorney
                                          Chief, Criminal Division


                                          _____/s/_____
                                          DIANA M. KWOK
                                          Assistant United States Attorney

                                          Attorneys for Plaintiff
                                          UNITED STATES OF AMERICA

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    INTRODUCTION**

On July 10, 2014, defendant Selin Gheyvandian ("defendant") pled guilty to two counts of engaging in monetary transactions in property derived from specified unlawful activity, in violation of 18 U.S.C. § 1957.  Defendant's conviction stems from her participation in a scheme to fraudulently inflate the credit balances on her credit cards so she could purchase hundreds of thousands of dollars of merchandise.

The government has received the United States Probation Office's Presentence Investigation Report ("PSR"), filed on September 15, 2014.  The government does not disagree with the Guidelines calculations set forth in the PSR, but respectfully requests -- pursuant to the plea agreement entered into by the parties -- that the Court sentence defendant to the agreed-upon term of probation of one year, to include an eight-month period of home detention.  The government also requests that the Court order the agreed-upon amount of restitution in this case, in the amount of $242,460.08.  (<u>See</u> Plea Agreement, ¶ 7.)

**II.   FACTUAL BACKGROUND**

Pursuant to the plea agreement in this case, defendant admitted the following facts when she pled guilty on July 10, 2014, to two counts of engaging in monetary transactions in property derived from specified unlawful activity:

• On or about October 22, 2012, defendant opened a Citi credit card ending in -5299 that had approximately $2,000 in credit. Eight days later, on or about October 30, 2012, defendant opened a

checking account at California Credit Union (the "CCU Account"), with a beginning balance of approximately $195.

• On or about November 6, 2012, defendant used the CCU Account to make two check payments on the Citi credit card ending in -5299. First, defendant presented a check for $98,300 at the Citibank location at 300 South Fairfax in Los Angeles, California. Shortly thereafter, defendant presented a check for $97,875 at the Citibank location at 9059 Sunset Boulevard in West Hollywood, California. Both checks were drawn on the CCU Account, even though defendant knew that the CCU Account did not contain sufficient funds to satisfy either of them.

• Within an hour of making the fraudulent payments to Citibank, defendant went to a Cartier store in Beverly Hills and made two purchases on the Citi credit card ending in -5299: one for $98,000, and the other for $97,800.

• On or about December 31, 2012, defendant requested and received a Visa check card ending in -3702 from Wescom Credit Union. On or about February 5, 2013, defendant used the CCU Account to make a check payment to Wescom Credit Union in the amount of $15,079.22, even though defendant knew that the CCU Account did not contain sufficient funds to satisfy the check amount.

• On or about February 7, 2013, two days after making the fraudulent payment to Wescom Credit Union, defendant used the Wescom Visa check card ending in -3702 to spend approximately $2,000 at Nordstrom and approximately $10,795 at two separate Apple stores. On or about February 8, 2013, defendant used the Wescom Visa check card ending in -3702 to charge another $212.50 at Nordstrom.

2

• At all relevant times, California Credit Union, Citibank and Wescom Credit Union were federally insured financial institutions.

III.    **SENTENCING GUIDELINES CALCULATIONS**

As set forth in the PSR, the Probation Office determined the total offense level to be 16, pursuant to the following calculation:

| | |
|---|---|
| Base Offense Level: | 18 [U.S.S.G. §§ 2S1.1(a)(1), 2B1.1(a)(2)] |
| Specific Offense Characteristics: | +1 [U.S.S.G. § 2S1.1(b)(2)(A)] |
| Acceptance of Responsibility: | -3 [U.S.S.G. § 3E1.1] |

Total Offense Level: 16

(PSR ¶¶ 24-35.)  This calculation not only accounts for the $195,800 in laundered monies underlying the counts of conviction, but also accounts for the additional $13,007.50 in laundered monies referenced in the factual basis of the plea agreement.  (PSR, ¶ 25.)

In contrast, the plea agreement entered into by the parties contemplates the following applicable Sentencing Guidelines factors:

| | |
|---|---|
| Base Offense Level: | 16 [U.S.S.G. §§ 2S1.1(a)(1), 2B1.1(a)(2)] |
| Acceptance of Responsibility: | -3 [U.S.S.G. § 3E1.1] |
| Variance: | -2 (Plea Agreement, ¶ 15.) |

Total Offense Level: 11

(Plea Agreement, ¶¶ 13, 15.)  There are three reasons for this five-level difference.  First, while the base offense level cited in the PSR accounts for $13,007.50 in loss due to additional relevant conduct, the base offense level cited in the plea agreement only accounts for the $195,800 in laundered monies alleged in Counts Four

3

and Five of the indictment.  Second, the plea agreement incorrectly omits the one-level enhancement applicable to convictions under 18 U.S.C. § 1957.  Third, the plea agreement contemplates a two-level variance in consideration of the relevant Sentencing Guidelines factors, as well as the factors listed in 18 U.S.C. §§ 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7), whereas the PSR does not.  (Plea Agreement, ¶ 15.)

Despite the differences between the total offense level calculation contemplated in the plea agreement and that set forth in the PSR, the government maintains its recommendation, pursuant to the plea agreement, that defendant be sentenced consistent with the Guidelines range for a total offense level of 11.  More specifically, the government submits that the Court should sentence defendant to a one-year term of probation which is to include an eight-month period of home detention, and restitution in the amount of $242,460.08.

With respect to defendant's criminal history, the government concurs with the Probation Office's determination that defendant falls into Criminal History Category I based on 0 criminal history points.  (PSR ¶ 42.)

## IV. <u>ANALYSIS OF THE SECTION 3553(a) FACTORS</u>

While not definitive, the Guidelines range provides the starting point for finding a reasonable sentence and must be considered with the factors set forth in 18 U.S.C. § 3553(a).  <u>See</u> <u>United States v. Cantrell</u>, 433 F.3d 1269, 1279 (9th Cir. 2006).  "To comply with the requirements of <u>Booker</u>, the district court must have sufficiently considered the Guidelines as well as the other factors listed in § 3553(a).  This requirement does not necessitate a

4

specific articulation of each factor separately, but rather a showing that the district court considered the statutorily-designated factors in imposing a sentence." United States v. Nichols, 464 F.3d 1117, 1125 (9th Cir. 2006) (quoting United States v. Knows His Gun, 438 F.3d 913, 918 (9th Cir. 2006)).

The Section 3553(a) factors are as follows:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;

(2) The need for the sentence imposed –

    (A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) To afford adequate deterrence to criminal conduct;
    (C) To protect the public from further crimes of the defendant; and
    (D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) The kinds of sentences available;

(4) The kinds of sentence and the sentencing range established for the offense and the defendant as set forth in the Sentencing Guidelines;

(5) Any pertinent policy statement issued by the Sentencing Commission;

(6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) The need to provide restitution to any victims of the offense.

See 18 U.S.C. § 3553(a). As set forth below, the government believes that the factors set forth in 18 U.S.C. § 3553(a) would be satisfied by a probationary sentence with home confinement, and that such a sentence would be "sufficient, but not greater than necessary" to comply with the purposes enumerated in 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a).

**A.    18 U.S.C. § 3553(a)(1)**

18 U.S.C. § 3553(a)(1) requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant.

As detailed in the PSR, defendant was born in Iran and immigrated to the United States at the age of five. (PSR, ¶¶ 48, 50.)  Defendant's family initially struggled financially and relied on governmental assistance while in the United States. (PSR, ¶ 50.)

At the age of 18, defendant married Akop Kantrdzyan. (PSR, ¶ 51.)  Together, they have a daughter who is now 12 years old. (Id.)  On April 25, 2014, Kantrdzyan was sentenced to 60 months' imprisonment for conspiracy to defraud the United States in a fraudulent tax refund scheme. (Id.)  Kantrdzyan is currently serving his sentence and has an anticipated release date in February 2018. (See www.bop.gov/inmateloc/.)

The instant offense involves defendant's use of large, fraudulent bank payments to falsely inflate the balances on her credit cards. After the payments were credited, but before the banks realized that there was not enough money in defendant's bank account to support the payments, defendant used the credit cards to buy hundreds of thousands of dollars of merchandise at stores like Cartier, Apple, and Nordstrom. (PSR, ¶¶ 10-14.)  In particular, as part of defendant's guilty pleas to Counts Four and Five of the indictment, defendant admits to purchasing $195,800 in Cartier merchandise within an hour of making $196,175 in fraudulent payments to Citibank. (Plea Agreement, ¶ 11.)

Taking into account the nature of the offense and the history and characteristics of the defendant, the government respectfully

submits that a sentence of one year of probation, to include eight months' home confinement, is warranted.

**B.    18 U.S.C. § 3553(a)(2)**

18 U.S.C. § 3553(a)(2) requires the Court to consider the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of defendant, and provide defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The government respectfully submits that a sentence of one year of probation with eight months' home confinement will (1) appropriately reflect the seriousness of the offense and promote respect for the law; (2) deter future criminal conduct from both the defendant and others without being greater punishment than necessary; and (3) serve to protect the community.

By sentencing defendant to one year of probation with eight months' home confinement, the Court will impress upon defendant the seriousness of her crime, give defendant time to reconsider her actions in light of the consequences, and deter defendant and others from engaging in bank fraud and money laundering.

In light of these considerations, the government submits that a sentence of one year of probation with eight months' home confinement is appropriate for this defendant.

**C.    18 U.S.C. § 3553(a)(6)**

18 U.S.C. § 3553(a)(6) requires the Court to minimize sentencing disparity among similarly-situated defendants.  One way of doing so is to correctly calculate the Guidelines range.  <u>See</u>

7

United States v. Treadwell, 593 F.3d 990, 1011 (9th Cir. 2010) ("Because the Guidelines range was correctly calculated, the district court was entitled to rely on the Guidelines range in determining that there was no 'unwarranted disparity' . . . ."); see also Gall v. United States, 552 U.S. 38, 54, 128 S. Ct. 586, 599 (2007) ("[A]voidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Sentencing Guidelines ranges.  Since the District Judge correctly calculated and carefully reviewed the Guidelines range, he necessarily gave significant weight and consideration to the need to avoid unwarranted disparities.").

Here, the parties have agreed to the application of a total offense level of 11.  Under the Guidelines, other defendants with an offense level of 11 and a Criminal History Category of I could expect to serve a sentence between 8 to 14 months.

While the Probation Office calculated the total offense level as 16, and such an offense level would result in a Guidelines range of 21-27 months, the government submits that a probationary sentence is nevertheless appropriate here.  Notably, defendant does not have any criminal history, will have to suffer the consequences of a felony conviction for the rest of her life, and must continue to be the sole caretaker for her 12-year-old daughter until her husband is released from prison.  Defendant's need to care for her daughter, in particular, militates in favor of a non-custodial sentence.

**D.    The Remaining Section 3553(a) Factors Also Support The Sentence Requested By The Government**

18 U.S.C. § 3553(a)(3) requires the Court to consider the kinds of sentences available.  Given the nature of defendant's offense, a

8

probationary sentence seems to be appropriate here.  The public interest in satisfying the other Section 3553(a) factors -- obtaining a sentence that reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, and protects the public from further crimes of defendant -- is sufficiently addressed with a probationary sentence, rather than a custodial sentence.

18 U.S.C. § 3553(a)(4) and (5) require the Court to treat the Guidelines as "advisory" but to take them into consideration nonetheless, as the government has done herein and as the Probation Officer did in the PSR.

## V. CONCLUSION

For the foregoing reasons, the government recommends that the Court impose a sentence of one year of probation, to include eight months' home confinement, restitution in the amount of $242,460.08, and a special assessment of $200.  Such a sentence is sufficient but not greater than necessary to achieve the statutory sentencing goals set forth in Title 18, United States Code, Section 3553(a).

Dated: October 8, 2014                Respectfully submitted,

STEPHANIE YONEKURA
Acting United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division


        /s/
_____
DIANA M. KWOK
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

9

CERTIFICATE OF SERVICE

I, **Norma Vizcarra**, declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of: **GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT SELIN GHEYVANDIAN.**

Service was:

[X] Placed in a closed envelope, for collection and interoffice delivery addressed as follows:

[] Placed in a sealed envelope for collection and mailing via United States Mail, addressed as follows:

**Robert Ramirez Leoning, United States Probation Officer**
**312 N. Spring St., Suite 600**
**Los Angeles, California 90012**

[] By hand delivery addressed as follows:

[] By facsimile as follows:

[] By messenger as follows:

[] By federal express as follows:

This Certificate is executed on **October 8, 2014,** at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

_____
NORMA VIZCARRA